| | |
|---|---|
| **SINNETT LAW, APC.**<br>Wayne A. Sinnett (SBN: 302987)<br>ws@sinlegal.com<br>Crystal T. Innabi (SBN: 316434)<br>ci@sinlegal.com<br>770 L Street, Suite 950<br>Sacramento, CA 95814<br>Tel: (619) 752-0703<br>Fax: (619) 330-2120<br><br>*Attorneys for Plaintiff* | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID KELLEY,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NEWMARK MANAGEMENT GROUP,** business entity type unknown; and **ARMSTEAD LEGAL CENTER,** business entity type unknown,<br><br>Defendants. | **Case No.:** 5:18-CV-02440<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;<br><br>2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an unfair debt collection practices action based upon Defendants' use of a collection tactic commonly known as "the shake" which is industry parlance for "shakedown."
2. The scheme is simple and effective. Debt collectors develop scripts to read during phone calls to consumers which threaten consumers with "legal documents," criminal "charges" or falsely claim they need to "verify an address for service of process" for a non-existent lawsuit.
3. The intended effect is an undue sense of urgency, resulting in panic on the part of the consumer who immediately contacts the debt collector and pays the alleged debt under a false and illegal pretext.
4. That is the exact scheme Plaintiff, DAVID KELLEY, was subject to and Plaintiff now brings this action against Defendants, NEWMARK MANAGEMENT GROUP, business entity type unknown, ("NEWMARK"); and ARMSTEAD LEGAL CENTER, business entity type unknown, ("ARMSTEAD"), for violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*
5. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.
6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.
7. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.
8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

9. Unless otherwise stated, any reference to "Defendants" shall refer to all Defendants named in this action.

10. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

11. At all times relevant, Plaintiff was an individual residing within the State of California.

## JURISDICTION AND VENUE

12. This action arises out of Defendants' violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

13. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

14. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

15. Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of San Bernardino, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

16. Plaintiff, DAVID KELLEY, ("Plaintiff") is a natural person who resides in the City of Highland, County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" and a "person" as that term is defined by 15 U.S.C. § 1692a(3).

///

17. Defendant, NEWMARK MANAGEMENT GROUP, ("NEWMARK"), is a business entity, type unknown, doing business in Ontario, California.
18. NEWMARK in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out its principle business purpose which is the collection of debts.
19. NEWMARK in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).
20. Defendant, ARMSTEAD LEGAL CENTER, ("ARMSTEAD"), is a business entity, type unknown, doing business in San Bernardino, California.
21. ARMSTEAD in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out its principle business purpose which is the collection of debts.
22. ARMSTEAD in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).
23. ARMSTEAD's actions stated herein were conducted on behalf of, under the direction and control of, and while acting as the agent of NEWMARK. Therefore, NEWMARK is liable for all conduct of ARMSTEAD alleged herein under the theory of vicarious liability.
24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

///

# FACTUAL ALLEGATIONS

25. Sometime in or around 2008, Plaintiff is alleged to have defaulted on a consumer debt, (the "Debt").

26. The alleged Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f), and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. Sometime thereafter, the Debt was placed with Defendants for the purpose of debt collection.

28. The statute of limitations on the Debt lapsed in or around 2012. *See* Cal. Code Civil Proc. § 337.

29. On or about October 10, 2018, ARMSTEAD, on behalf of, under the control of, and while acting as the agent of NEWMARK, contacted Plaintiff in an attempt to collect on the time-barred Debt, ("**The Phone Call**"). During **The Phone Call**, Defendants demanded payment on the Debt and falsely stated that there was a "lawsuit pending" against Plaintiff.

30. **The Phone Call**'s purpose was to instill a false sense of urgency of imminent litigation to coerce Plaintiff into paying the Debt immediately.

31. By falsely stating that there was a "lawsuit pending" against Plaintiff, Defendants threated litigation, and falsely implied that a lawsuit had been filed against Plaintiff. By using the words "lawsuit" and "pending," Defendants connote to the least sophisticated consumer that a Complaint has already been filed, and that claims are currently pending against him or her.

32. Through the date of this filing, no lawsuit has been filed in California against Plaintiff for the Debt.

33. ARMSTEAD had no authority to take legal action against Plaintiff for the Debt.

///

34. The above-described threats and representations made to Plaintiff by Defendants were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendants to coerce the payment of money from consumers through the use of false threats, intimidation, and unlawful harassment.

35. Through this conduct, Defendants violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

36. Moreover, **The Phone Call** was an initial communication from a debt collector within the meaning of 15 U.S.C. § 1692e(11).

37. In **The Phone Call**, Defendants failed to: (i) identify themselves as debt collectors; (ii) state that the purposes of the call was debt collection and any that information obtained would be used for the purposes of debt collection; and (iii) failed to make meaningful disclosure of their identity.

38. Through this conduct, Defendants violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; and (iv) 15 U.S.C.

§ 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

39. **The Phone Call** was also an "initial communication" as that term is defined by 15 U.S.C. § 1692g.

40. On or about October 11, 2018, ARMSTEAD, on behalf of, under the control of, and while acting as the agent of NEWMARK, sent Plaintiff a collection letter, demanding payment on the Debt, ("**The Letter**"). **The Letter** failed to include the required validation notices as required by 15 U.S.C. § 1692g.

41. Through this conduct, Defendants violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing (i) the amount of the debt; (ii) the name of the creditor to whom the debt is owed; (iii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (iv) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (v) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. Though this conduct, Defendants also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to send a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702

provides that any violation of Cal. Civ. Code § 1812.700, et seq. is violation of the RFDCPA; thus, Defendants violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq*.).

43. In **The Letter** Defendants referenced "*Case Number: 2018-157915*," stated that their "*firm has been retained,*" and that if Plaintiff paid the Debt, Defendants would "*notify the proper credit agencies and mark your matter as Paid In Full.*" **The Letter** also falsely stated that if Plaintiff disputed the Debt Plaintiff is *"required to put that dispute in writing*." [emphasis added.]

44. **The Letter**'s purpose was to instill a false sense of urgency to coerce Plaintiff into paying the Debt immediately.

45. By referencing "*Case Number: 2018-157915*," Defendants threated litigation, and falsely implied that there was a lawsuit pending against Plaintiff. By using the word "Case Number" Defendants connote to the least sophisticated consumer that a lawsuit has already been filed, and that claims are currently pending against him or her.

46. Through the date of this filing, no lawsuit has been filed in California against Plaintiff for the Debt.

47. ARMSTEAD had no authority to take legal action against Plaintiff for the Debt.

48. By falsely stating that their "*firm has been retained,*" Defendants threated litigation, and falsely implied that Defendants are a law firm. By stating they are a "firm" rather than "debt collectors," Defendants used a false name in connection with the collection of an alleged Debt, and did not disclose the true nature of their business, which is collecting debts. By claiming they were "firm" that has been "retained" and by using the name "Armstead Legal Center," Defendants misrepresented the nature of their services. Defendants failed to: (i) identify themselves as debt collectors; and (ii) failed to make meaningful disclosure of their identity.

49. By stating that if Plaintiff paid the Debt, Defendants would "***notify the proper credit agencies and mark your matter as Paid In Full***," Defendants falsely implied that the Debt could still be reported on Plaintiff's consumer credit report. However, the Debt could only be reported until 2016. *See* 15 U.S.C. § 1681c. Therefore, in an attempt to collect upon the alleged Debt, Defendants falsely threated to report a time-barred Debt on Plaintiff's consumer credit report, when no such action could or would be taken.

50. In addition, in order to create additional hurdles for the consumer and to circumvent the requirements listed in the FDCPA, Defendants falsely stated that "***[Plaintiff is] required to put that dispute in writing***," however 15 U.S.C. § 1692g allows for consumer disputes to be made orally.

51. The above-described threats and representations made to Plaintiff by Defendants were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendants to coerce the payment of money from consumers through the use of false threats, intimidation, and unlawful harassment.

52. Through this conduct, Defendants violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (iii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iv) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (v) 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false; (vi) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (vii) 15 U.S.C. § 1692e(11) by failing to

disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose; and (viii) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

53. Through this conduct, Defendants also violated Cal. Civ. Code § 1788.13(i) by falsely representing the true nature of the business or services being rendered by the debt collector; and Cal. Civ. Code § 1788.13(h) by falsely representing that collection letters, notices or other printed forms are being sent by or on behalf of a claim, credit, audit or legal department.

54. On or about November 7, 2018, ARMSTEAD, on behalf of, under the control of, and while acting as the agent of NEWMARK, contacted Plaintiff and left a voicemail attempting to collect on the Debt, ("**The Voicemail**").

55. **The Voicemail** stated:

> This is a ***process service dispatch office, San Bernardino County,*** calling to notify David Kelley. We have reinstated ***court ordered documents***, the law firm lifted the hold and has sent your case back out and is now due for service. Contact the issuing firm handling your case at 888-876-8537. When calling reference ***case number 2018-157915***. Failure to respond to this notification and continuing to evade service will result in further legal actions to take place without your knowledge. David Kelley you have been notified.

[emphasis added.]

56. **The Voicemail**'s purpose was to instill a false sense of urgency of a pending lawsuit to coerce Plaintiff into contacting Defendants and paying the Debt immediately.

///

57. By claiming that they are a "***process service dispatch office [for] San Bernardino County***," Defendants falsely implied that they are associated with a government agency. By stating they are a "process service dispatch office" rather than "debt collectors," Defendants used a false name in connection with the collection of an alleged Debt, and did not disclose the true nature of their business, which is collecting debts.

58. By falsely stating that they have "***court ordered documents***," Defendants threatened litigation, falsely implied that there was a lawsuit pending against Plaintiff, and falsely claimed there were "orders" by the Court pertaining to Plaintiff. By using the words "court ordered documents" Defendants connote to the least sophisticated consumer that a lawsuit has already been filed, that claims are currently pending against him or her, and that the Court has issued a ruling or order as to the, albeit non-existent, case.

59. By referencing "***Case Number 2018-157915***," Defendants threated litigation, and falsely implied that there was a lawsuit pending against Plaintiff. By using the word "Case Number" Defendants connote to the least sophisticated consumer that a lawsuit has already been filed, and that claims are currently pending against him or her.

60. Through the date of this filing, no lawsuit has been filed in California against Plaintiff for the Debt.

61. ARMSTEAD had no authority to take legal action against Plaintiff for the Debt.

62. The above-described threats and representations made to Plaintiff by Defendants were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendants to coerce the payment of money from consumers through the use of false threats, intimidation, and unlawful harassment.

///

63. Through this conduct, Defendants violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (iii) 15 U.S.C. § 1692e(1) by falsely representing or implying that a debt collector is vouched for, bonded by, or affiliated with the United States or any State; (iv) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (v) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (vi) 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false; (vii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (viii) 15 U.S.C. § 1692e(13) by falsely representing or implying that documents are legal process; (ix) 15 U.S.C. § 1692e(14) by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization; and (x) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Defendants also violated: (i) Cal. Civ. Code § 1788.13(i) by falsely representing the true nature of the business or services being rendered by the debt collector; and (ii) Cal. Civ. Code § 1788.13(d) by representing that a debt collector is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, without the collector actually being employed by the particular governmental agency in question

and acting on behalf of such agency in the debt collection matter.

65. Moreover, in **The Voicemail,** Defendants failed to: (i) identify themselves as debt collectors; and (ii) failed to make meaningful disclosure of its identity.

66. Through this conduct, Defendants violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692e(11) by failing to disclose that the communication was an attempt to collect a debt by a debt collector and that any information obtained would be used for that purpose. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
### [AGAINST ALL DEFENDANTS]

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

69. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST ALL DEFENDANTS]

70. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

72. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

73. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant,

pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: November 19, 2018                    Respectfully submitted,

                                            **SINNETT LAW, APC.**

                                            BY: /S/ CRYSTAL T. INNABI
                                            CRYSTAL T. INNABI, ESQ.
                                            ATTORNEY FOR PLAINTIFF

### TRIAL BY JURY

Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff are entitled to, and demands, a trial by jury.

Dated: November 19, 2018                    Respectfully submitted,

                                            **SINNETT LAW, APC.**

                                            BY: /S/ CRYSTAL T. INNABI
                                            CRYSTAL T. INNABI, ESQ.
                                            ATTORNEY FOR PLAINTIFF